STATE, Respondent, v. RITZ et al, Appellants.

(196 N. W. 294.)

(File No. 5255.   Opinion filed December 3, 1923.)

1. **Bail—Waiver—Suretyship—Admission of Filing of Preliminary Complaint Held to Preclude Objection to Lack of Allegation of Preliminary Proceedings.**

    In an action on a bail bond the sureties could not object because the complaint failed to show presentation of a preliminary information to or any proceeding before a magistrate where it was admitted that a preliminary complaint had been filed in the municipal court charging defendant with the crime for which he was tried.

2. **Criminal Law—Municipal Courts—Committing Magistrates—Indictment and Information—Filing Information in Municipal Court Held to Constitute Presentation to Committing Magistrate.**

    Under Rev. Code 1919, Sec. 4463, making judges of municipal courts committing magistrates, an information filed in the municipal court was presented to a committing magistrate, since the court could only function through the judge.

3. **Bail—Pleading—Complaint—Amended Complaint in an Action on a Bail Bond Need Not Follow Exact Words of Statute.**

    A complaint in an action on a bail bond need not follow the exact words of the statute to show laying of a preliminary complaint before a magistrate; a plain, concise statement, not misleading, being sufficient.

Appeal from Circuit Court, Codington County; Hon. W. N. SKINNER, Judge.

Action by the State against Jacob Ritz and others on a bail bond. From an order overruling a demurrer to the amended complaint, defendants appeal. Affirmed.

*George H. Marquis,* of Watertown, for Appellants.

*Vern G. Wohlheter,* State's Attorney, of Watertown, for Respondent.

(1)　To point one of the opinion, Respondent cited: 21 C. J. 196; Western Surety Co. v. Kelley et al, 27 S. D. 465, 131 N. W. 808; 22 Cyc. 95.; Custer County v. Albien et al, 7 S. D. 482, 62 N. W. 533; State v. Breen, 6 S. D. 537, 62 N. W. 135, L. R. A. 1916F, 372.

(2)　To point two, Appellant cited: State v. Sonnenschein, 37 S. D. 139, 156 N. W. 906; People v. Crespi (Cal.), 46 Pac. 863; People v. Cohen (Cal.), 50 Pac. 20; 6 C. J. 983; Ferry v. Burchard, 21 Conn. 597; Cen. Digest Vol 5, "Bail," Sec. 396; R. C. 1919, Sec. 4807.

Respondent cited: 6 C. J. 1006, par. 353, (d); 15 C. J. 17.

ANDERSON, P. J.　This is an appeal from an order overruling defendants' and appellants' demurrer to plaintiff's amended complaint in substance as follows: That on April 15, 1921, a preliminary information or complaint was made and filed in the municipal court of the city of Watertown, Codington county, wherein one E. P. Nilson, also known as Edward Nilson, was charged with the crime of unlawfully removing and selling mortgaged property pursuant to which a warrant of arrest was issued out, of the municipal court of said city, and said Nilson was duly arrested, and thereafter a preliminary hearing was held in said court, and said Nilson was bound over to appear at the next regular term of the circuit court on July 11, 1921, at 10 a. m., to answer said charge, and was admitted to bail in the sum of $3,000, and committed to custody of the sheriff of said county until further disposition of said action, or until bail was furnished. On May 21, 1921, Nilson, as principal, and the appellants, Jacob Ritz, C. R. Goss, and Nick Doffing, as sureties, made, executed and delivered to plaintiff an undertaking in the usual form in the sum of $3,000 for the payment of which said sureties bound themselves jointly and severally. Upon execution and delivery of said undertaking said Nilson was released from custody of the sheriff and delivered to defendants herein. That by consent of said Nilson said action was continued until the November, 1921, term of the circuit court. On November 8, 1921, at opening of November,

1921, term of said court, upon leave duly given by said court, the state's attorney of said county filed in said court an information charging said Nilson with the crime of unlawfully removing and selling mortgaged property as charged in the preliminary information or complaint heretofore referred to; said information charging the identical offense set out in said preliminary information and referred to in the undertaking hereinbefore set forth. That on November 15, 1921, said Nilson appeared before said circuit court, was arraigned upon said information, and entered his plea of not guilty, and thereupon a jury was impaneled to try the cause; said jury returned a verdict finding said Nilson guilty as charged. The court then fixed the time for sentence at 10 o'clock a. m., February 27, 1922, at the courtroom of said court as the time and place for pronouncing sentence upon said Nilson, but he without sufficient cause did not appear for sentence pursuant to said conviction, but has failed to appear for sentence according to the terms and conditions of the bail bond. On February 27, 1922, at 10 o'clock a. m., in the circuit court of said county, the court ordered the sheriff of said county to call said Nilson to appear for sentence, and said sheriff at said time at the front door of the courthouse in said county did call the name of said Nilson loudly three times, and called upon said Nilson to appear for sentence pursuant to the crime of which he had been convicted, but said Nilson still failed and neglected to appear before said court, and said court thereupon declared the fact that said Nilson had without sufficient cause failed and neglected to appear according to the terms and conditions of the bail bond, and caused to be entered upon the minutes of said court an order that said bail bond is forfeited, and directed the state's attorney of said county to proceed with all due diligence by action against the sureties of bail upon the undertaking so forfeited.

[1] The first assignment of error is based on overruling of defendants' demurrer to the amended complaint, appellants contending that there are defects in the amended complaint in this: That the complaint does not show presentation of a preliminary information to a magistrate, or that said Nilson was ever brought before a magistrate upon arrest on a charge of having committed a public offense, or ever waived a preliminary examination, and that no magistrate has found that a public offense had been com-

mitted, and that there was probable cause to believe defendant guilty thereof, and that he was ordered to be held to answer the same. This contention we deem untenable, for the reason that appellants, in their brief (page 2), state that on April 15, 1921, a preliminary information or complaint was duly made and filed in the municipal court in the city of Watertown wherein said Nilson was charged with the crime of unlawfully removing and selling mortgaged property. 6 C. J. 1004, § 246; State v. Breen, 6 S. D. 537, 62 N. W. 135.

[2] By assignment 2 appellants urge that a municipal court is not a committing magistrate, and cannot act as such, and has no jurisdiction of cases of felony, and no information charging the commission of a felony can be filed in such court. This we believe without merit, for the reason that section 4463, R. C., provides:

"The judge of the municipal court shall have the powers of a committing magistrate and may order the defendant to answer in any court having jurisdiction of the offense charged."

[3] We think it is self-evident that no court can function, as such, except through the judge thereof. As the complaint or information was made and filed in the municipal court it must have been presented to the judge, who, under our statute, was a committing magistrate. At any rate the allegation was sufficient to show that a charge had been made against the principal. Appellants contend that it is not necessary for the amended complaint to state the exact words of the statute to the effect that a preliminary information or complaint was laid before a magistrate. A plain and concise statement of the facts is sufficient. The allegation of the amended complaint could not possibly mislead appellants in any way in presenting their defense to the cause of action. 31 Cyc. 101.

From a careful consideration of this entire record we are convinced that the trial court, in overruling defendants' and appellants' demurrer, was justified, and that the action of the trial court in this behalf should be, and is, sustained.

Note.—Reported in 196 N. W. 294. See, Headnote (1), American Key-Numbered Digest, Bail, Key-No. 94, 6 C. J. Sec. 246; (2) Criminal law, Key-No. 207(1), 16 C. J. Sec. 498 (see 1925 Anno.); (3) Bail, Key-No. 89(3), 6 C. J. Sec. 349 (see 1925 Anno.), Pleading, 31 Cyc. 101.