STATE of Iowa, Appellee,

v.

Leland Joseph SHIMON, Appellant.

No. 58523.

Supreme Court of Iowa.

June 30, 1976.

Maurice C. Breen, Fort Dodge, for appellant.

Richard C. Turner, Atty. Gen., Michael W. Coriden, Asst. Atty. Gen., Des Moines, and Robert E. Lee, County Atty., Humboldt, for appellee.

Heard by MOORE, C. J., and LeGRAND, REES, UHLENHOPP and HARRIS, JJ.

REES, Justice.

Defendant was charged by city police officers in Humboldt with speeding 94 miles per hour in a 55 mile per hour zone, in violation of section 321.285, The Code, 1973. Following defendant's plea of not guilty trial was held before a judicial magistrate in Humboldt. Defendant was found guilty and sentenced to pay a fine and costs. He appealed and the judgment of the magistrate was affirmed. Appeal was then taken to this court. We affirm.

The two arresting officers testified they were both in the police car and observed defendant's vehicle being operated at "a high rate of speed." One of the officers pointed the radar device, with which the police car was equipped, out the window of the auto and secured a reading which indicated defendant's car was traveling 94 miles per hour. When defendant was later apprehended he told the police officers his car "had been missing" and he "was blowing the carbon out of it."

One of the officers testified he had tested the radar unit earlier in the evening by holding in front of it an external tuning fork. The resulting digital reading of 50 miles per hour indicated the unit was working properly. He also checked the accuracy of the radar gun when mounted on the dash or cowl of the auto against the speedometer of the police car and secured a reading compatible with the test results obtained by testing the unit with the tuning fork.

Police officer Trenary testified he had worked with the radar equipment in question for approximately seven months, but he was unable to say when, if ever, the tuning fork had been certified as being mechanically perfect. He also stated that while the speedometer on the police car indicated it was certified as having been calibrated, he had no knowledge as to when it had been so certified.

In this appeal defendant submits (1) that testimony as to the speed registered on a radar speed meter is inadmissible when there is no foundation testimony as to the accuracy of the device used to test the radar unit, and (2) trial court erred in overruling defendant's motion for dismissal on the ground the State had failed to establish

a prima facie case of speeding 94 miles per hour in a 55 mile per hour zone.

I. Although defendant argues against the admissibility of the testimony of Officer Trenary and his companion Reserve Officer Raw that the radar speed gear had a reading of 94 miles per hour, we are more inclined to the view the argument goes more to the weight and sufficiency of the evidence than to its admissibility.

Neither defendant nor the State cites any authority in this jurisdiction touching upon the admissibility of testimony regarding the speed registered on a radar speed device.

■ It is uncontroverted that the tests performed on the radar unit by use of the tuning fork and the comparison with the police vehicle speedometer were performed only hours before defendant was observed operating his car at high speed. After defendant was so observed and his speed recorded as 94 miles per hour, the tuning fork was again employed to check the accuracy of the equipment. This produced the same reading of 50 miles per hour obtained earlier in the evening.

In *People v. Dusing*, 5 N.Y.2d 126, 181 N.Y.S.2d 493, 155 N.E.2d 393, 394, the court said:

"Admissibility and weight of opinion evidence and measuring device evidence in speeding cases is governed by the same rules applied in other types of cases. Qualified individuals at appropriate observation posts have always been allowed to state opinions as to speed. [citations] Radar and speedometer readings are generally admissible and may be sufficient in themselves if there be reasonable proof of their accuracy."

In *People v. Magri*, 3 N.Y.2d 562, 170 N.Y.S.2d 335, 147 N.E.2d 728, it was held that although the radar speed meter used in that case had to be regarded as "untested" because of the failure to establish in the record evidence of a full accuracy test, the radar evidence of the defendant's speed was admissible and was sufficient, when taken together with the corroborative opinion testimony given by two peace officers, to sustain a speeding conviction.

Clearly the evidence of the reading on the radar speed meter was admissible.

As to the weight and sufficiency of such evidence, we must look to the other testimony of Officer Trenary with regard to the testing to which the radar speed meter was subjected.

Because Officer Trenary was unable to testify that either the tuning fork or the police car speedometer was certified as mechanically perfect, defendant insists the test results were ineffective. No other witness testified as to any such recent certification of mechanical perfection, although it was indicated that the speedometer on the police vehicle had been calibrated and was, in fact, accurate.

In *People v. Stephens*, 52 Misc.2d 1070, 277 N.Y.S.2d 567, the officer operating the radar equipment testified he had tested it for accuracy both before and after the defendant's arrest by using a tuning fork calibrated to register 50 miles per hour on the radar meter, and by comparing the radar meter readings with those indicated on the speedometer of a police test car driven through a radar zone of influence at 50 miles per hour. The court in *Stephens* stated that it was more than coincidence that four testings of the radar device indicated speeds of 50 miles per hour and that it was inconceivable that the radar unit, the tuning fork and the test car speedometer could all have been inaccurate, too, and in the same degree.

■ We believe it is also "inconceivable" that a reading of the radar unit prior to the readout taken of defendant's speed, a subsequent testing of the radar unit with tuning fork and the testing of the radar unit against the speedometer of the police vehicle were all inaccurate. We follow the rationale of the court in *People v. Stephens, supra*, and conclude the testimony tended to establish the culpability of the defendant in this case.

■ II. Trial court did not err in overruling defendant's motion for dismissal

upon the ground the State had failed to present a prima facie case of speeding 94 miles per hour in a 55 miles per hour zone. We believe the record adequately establishes such a prima facie case against the defendant was made by the State.

We find no error and affirm the trial court.

AFFIRMED.