**CITY OF RAPID CITY, Plaintiff and Appellee,**

v.

**Velma ALBERTUS, Defendant and Appellant.**

**No. 13233.**

Supreme Court of South Dakota.

Sept. 16, 1981.

---

Timothy F. Tobin, Rapid City, for plaintiff and appellee.

Velma Albertus, pro se.

PER CURIAM.

This is an appeal from an order of the circuit court affirming a judgment of guilty entered by a law trained magistrate. We reverse and remand.

On February 1, 1979, defendant, Velma Albertus, received a Uniform Complaint-Summons for speeding in violation of a Rapid City traffic ordinance. She appeared without a formal arraignment and requested a trial. The trial before a law trained magistrate resulted in a finding of guilty and an $11 fine, plus costs.* After trial, defendant filed a document captioned "judicial notice," setting out errors in the original proceedings. Defendant took no action to pursue this notice as an appeal. Although no order for new trial was entered, defendant was retried and once again found guilty. She filed a notice of appeal; the circuit court affirmed the law trained magistrate's finding of guilty.

Defendant contends that the failure to arraign her on the traffic offense denied her due process of law. "Due process . . . does not require the state to adopt any particular form of procedure, so long as it appears that the accused has had sufficient notice of the accusation and an adequate opportunity to defend himself in the prosecution." *Garland v. Washington*, 232 U.S. 642, 645, 34 S.Ct. 456, 457, 58 L.Ed. 772, 775 (1914). The state has adopted a procedure for traffic offenses sufficient to meet these standards. SDCL 32–33, SDCL 23–1A–1. An arraignment would have been required had an information or an indictment been filed. SDCL 23–35–1 (Repealed by Sess.L. 1978, ch. 178, § 577, effective July 1, 1979). See SDCL 23–2–5(3) (Repealed by Sess.L. 1978, ch. 178, § 577, effective July 1, 1979).

Defendant contends that her retrial placed her twice in jeopardy for the same offense in violation of the state and federal constitutional double jeopardy clauses. We agree that the second trial should not have occurred, but for other reasons. Defendant did not make a motion for a new trial. At the time of defendant's trial, the court's authority to grant a new trial on its own motion was limited to jury trials and had to be exercised, if at all, at the time the verdict was returned. SDCL 23–50–3 (Repealed by Sess.L. 1978, ch. 178, § 577, effective July 1, 1979). Defendant's first trial was before a law trained magistrate without a jury; consequently, it was error to permit a second trial.

Accordingly, we reverse and remand for reinstatement of the original conviction.**

* The settled record does not contain a copy of the judgment.

** Our holding renders the remaining issues raised by defendant moot.