STATE of South Dakota, Plaintiff
and Appellee,

v.

William Lloyd DALE, Defendant
and Appellant.

No. 14390.

Supreme Court of South Dakota.

Considered on Briefs May 24, 1984.

Decided Jan. 2, 1985.

William Lloyd Dale, pro se.

MORGAN, Justice.

William Lloyd Dale (Dale) was cited in Perkins County, South Dakota, for exceeding the 55 mph speed limit in violation of SDCL 32–25–11.2. Dale pled not guilty to the complaint filed in circuit court. Dale also requested a jury trial. Trial was held and the jury determined that Dale was guilty of the charge. Dale was sentenced to thirty days in the county jail and fined $100.00 plus costs of $29.26, for a total of $129.26. The jail sentence was suspended on condition that Dale pay the fine and costs by August 26, 1983, and further that he avoid similar offenses for one year. We affirm the conviction but remand for resentencing.

On June 30, 1983, a South Dakota Highway Patrolman was driving north on Highway 73. As Dale drove toward him from the south, he clocked Dale's speed with radar at 67 mph. The trooper issued Dale a uniform traffic ticket for driving 12 mph over the 55 mph speed limit. The trooper noted July 8, 1983, as the date for Dale to appear before the Magistrate's Court.[1] On the scheduled date, Dale called the clerk of courts[2] and learned that the clerk-magistrate had no record of the ticket and that the hearing had not been scheduled. Apparently Dale informed the clerk-magistrate at that time that he intended to contest the charge. Dale was later informed that a hearing had been scheduled for July 20, 1983. Dale was later notified, on July 15, 1983, that the matter would be heard before the circuit court on August 3, 1983. Dale appeared before the trial court for the first time at that hearing and was arraigned.

At the arraignment, Dale made an oral motion that the charge be dismissed for lack of jurisdiction based on the absence of a recorded complaint. Dale cited no cases

---

Richard Dale, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

1. Dale signed the written promise to appear on the face of the ticket.

2. The clerk of courts was also the lay magistrate before whom Dale was to appear.

to support his motion and it was denied.[3] Dale was arraigned on the complaint portion of the uniform traffic ticket which had been signed by the arresting officer before a clerk of courts. The trial judge informed Dale of (1) his right to a copy of the charge against him, which Dale admitted he had received, (2) his right to counsel, which Dale waived, and (3) his right to a jury trial, which Dale exercised. In response to Dale's questions, the trial judge also explained that while $55.00 was the amount of the bond scheduled for driving between 67 and 70 mph, in violation of SDCL 32–25–11.2. the maximum penalty for violation of that statute, a. Class 2 misdemeanor, was thirty days in jail and a $100.00 fine. When the trial judge attempted to set August 10 or 11, 1983, as the trial date, Dale requested additional time to prepare his defense; consequently, the trial was held on August 25, 1983, and Dale was found guilty.

Dale raises five issues on this appeal: (1) Whether the trial court had jurisdiction to hear the case, (2) whether Dale's right to due process and other constitutional rights were violated, (3) whether the maximum sentence and fine should have been imposed because Dale elected to represent himself at a jury trial, (4) whether SDCL 32–25–11.2 is constitutional, and (5) whether juries have the right and responsibility to decide the law.

■ Dale cites SDCL ch. 23A–2, Complaint, Warrant and Summons, to argue that the State did not have "a lawful Complaint and Summons" on July 9, 1983, the date initially set for a magistrate's hearing, or at the August 3, 1983, Arraignment and Plea Hearing.[4] Dale correctly argues that violations of SDCL 32–25–11.2 must be prosecuted under the SDCL Title 23A, South Dakota's Criminal Procedure. While most traffic offenses are classified by the legislature as petty offenses and are prosecuted under Petty Offense Procedure set

out at SDCL ch. 23–1A, the legislature has designated speeding offenses as Class 2 misdemeanors which are criminal offenses, distinguishable from petty offenses. SDCL 22–1–3 reads, in pertinent part:

A crime is an act or omission, *other than a petty offense*, which is forbidden by law, and to which is annexed, upon conviction, one or more of the following punishments:

(1) Imprisonment;

(2) Fine[.]

(Emphasis added.) Conviction of a Class 2 misdemeanor may warrant thirty days' imprisonment in a county jail, a one hundred dollar fine, or both. Under SDCL 23A–6–1, Class 2 misdemeanors may, however, be prosecuted without the filing of an indictment or information. The full criminal procedure required under SDCL Title 23A is not required.

■ The South Dakota Legislature has not established a separate procedure for the prosecution of misdemeanors in general, or of traffic offenses punishable as Class 2 misdemeanors, in particular. In the absence of a specifically prescribed statutory procedure, a court may proceed in any lawful manner not inconsistent with Title 23A or any other applicable statute. SDCL 23A–45–13. The proper procedure for the prosecution of speed limit violations must be pieced together with various applicable sections of SDCL chs. 23A–1, 32–25 and 32–33.

■ SDCL 32–25–21 requires that for "every prosecution for violation of any of §§ 32–25–1 through 32–25–17, inclusive, the complaint, and also the summons or notice to appear, shall specify the speed at which the defendant is alleged to have driven, and also the speed which such section declares shall be lawful at the time and place of such alleged violation." The complaint must be signed under oath before a person authorized to administer oaths in

---

3. Dale filed the same motion in writing on August 15, 1983. The motion was considered and denied immediately prior to trial on August 25, 1983.

4. SDCL 23A–2–1 requires that criminal complaints be signed under oath before a person authorized to administer oaths in South Dakota.

the state of South Dakota. SDCL 23A–2–1. The significance of a complaint in a criminal matter is twofold. First, it sets out the elements of the offense charged in order to apprise the defendant of the exact charge he must defend against. Second, in most cases, the complaint is the basis for issuance of an arrest warrant or a summons which may be used upon request of the prosecuting attorney. SDCL 23A–2–2. In the case of speeding violations, such as we have before us, the offense is generally committed in the presence of the arresting officer, and a warrant is unnecessary for a valid arrest. The provisions of SDCL 32–33–2 apply in these cases:

> [W]henever any person is arrested for a violation of any provision of this title punishable as a misdemeanor, the arresting officer shall take the name and address of such person and the license number of his motor vehicle and driver's license and issue a summons or otherwise notify him in writing to appear at a time and place to be specified in the summons or notice. The time shall be at least five days after the arrest unless the person arrested demands an earlier hearing. Such officer shall upon the giving by such person of his written promise to appear, release him from custody.

At Dale's arraignment before the trial court on August 3, 1983, the original traffic ticket, signed by the arresting officer before the clerk magistrate on July 6, 1983, was on file. Dale was arraigned on that complaint. Nowhere does Dale complain that he was not adequately advised of the charges against him. As this court stated in *City of Rapid City v. Albertus*, 310 N.W.2d 167, 168 (S.D.1981), " '[d]ue process ... does not require the state to adopt any particular form of procedure, so long as it appears that the accused has had sufficient notice of the accusation and an adequate opportunity to defend himself in the prosecution.' " (citation omitted)

We therefore hold that, on the present record, the copy of the uniform traffic ticket given to Dale at the scene afforded adequate notice of the charge and satisfied the statutory requirement cited above. The original ticket signed by the officer before an official authorized to administer oaths in the state of South Dakota was an adequate complaint.[5]

Dale also contends that the trial court denied his right to due process when it denied his request for a continuance. The arraignment transcript clearly shows that the trial judge initially attempted to schedule Dale's trial for August 10 or 11, 1983. Upon Dale's objection that he could not prepare his defense in one week, the trial judge, in effect, granted Dale's request for a continuance and scheduled the trial for August 25, almost two months after Dale was issued the ticket. Due process requires notice and opportunity to be heard. *City of Rapid City, supra.* Dale had notice and the opportunity to defend himself in this case.

Dale's contention that the jury was entitled to determine the constitutionality of SDCL 32–25–11.2, the 55 mph speed limit, is frivolous. The jury is "bound ... to receive as law that which is laid down as such by the court." SDCL 23A–25–2. The trial court properly instructed the jury that under the South Dakota Code any person who drives a motor vehicle on a South Dakota highway at a speed greater than 55 mph violates the law. The jury may determine the facts. SDCL 23A–25–3.

Evidence based on a radar reading of Dale's speed is sufficient evidence to support his conviction. *See State v. Shimon*, 243 N.W.2d 571 (Iowa 1976). On appeal, we must uphold a guilty verdict if the evidence and reasonable inferences therefrom sustain a rational theory of

---

5. We note that before trial the State filed a complaint on a criminal complaint form. We further note that it is identical in every respect to the allegations made in the traffic ticket. The only deviation is that the second complaint was signed before a different official authorized to administer oaths. While Dale describes this as an amended complaint, we choose to denominate it a substitute complaint and we hold that it has no bearing on the outcome of the case.

guilt. *State v. Dietz*, 264 N.W.2d 509 (S.D. 1978).

Dale's final contention is that he should not have been penalized beyond the $55.00 bond designated by the arresting officer. If Dale had signed the power of attorney that he received with the ticket and posted the bond he could have forfeited the $55.00 bond without fear of further penalties. Dale may not be penalized for exercising his right to a jury trial and his right to represent himself at trial. *Sherar v. Cullen*, 481 F.2d 945 (9th Cir.1973). The state's attorney recommended the maximum sentence, in his words, "as a further deterrent to actions of this kind ..." and the trial judge imposed that sentence. It is obvious that the "actions" that the state's attorney was referring to was *not* driving 12 mph over the speed limit. Rather, he suggested a deterrent to the exercise of an accused's constitutional right to trial by jury. This is constitutionally impermissible and we reverse the sentence as imposed.

We affirm the conviction and remand for resentencing.

All the Justices concur.

DUNN, Retired Justice, participating.

WUEST, Circuit Judge, acting as Supreme Court Justice, not participating.

HENDERSON, Justice (concurring).

Agreeing with the opinion that the formal procedural requirements of law were followed in the prosecution, I wish to express that I further agree that Dale's exercise of requesting and receiving a jury trial should not be met by a sanction different than what others might receive who did not exercise their right to a jury trial. In *State v. Braun*, 351 N.W.2d 149, 153 (S.D.1984), dissenting, I wrote:

> The exercise of a constitutional right cannot be encumbered with the threat or actuality of a more severe sentence upon conviction. *People v. LaFiura*, 49 Ill. Dec. 404, 93 Ill.App.3d 1099, 418 N.E.2d 48 (1981). Whether a defendant exercises his constitutional right to trial by jury to determine his guilt or innocence must have no bearing on the sentence imposed. *Hess v. United States*, 496 F.2d 936 (8th Cir.1974); *United States v. Marzette*, 485 F.2d 207 (8th Cir.1973); *United States v. Stockwell*, 472 F.2d 1186 (9th Cir.), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973); *United States v. Hopkins*, 150 U.S.App.D.C. 307, 464 F.2d 816, 822 (1972); *Scott v. United States*, 136 U.S.App.D.C. 377, 419 F.2d 264, 269–74 (1969); *Baker v. United States*, 412 F.2d 1069, 1073 (5th Cir.1969), *cert. denied*, 396 U.S. 1018, 90 S.Ct. 583, 24 L.Ed.2d 509 (1970); *United States v. Wiley*, 278 F.2d 500, 504 (7th Cir.1960). *See also, State v. Mollberg*, 310 Minn. 376, 246 N.W.2d 463 (1976); *Drinkwater v. State*, 73 Wis.2d 674, 245 N.W.2d 664 (1976).