In the Matter of the ALLEGED DEPENDENT AND NEGLECTED STATUS OF: D.B. and D.B., and Concerning J.B. and C.B.

No. 14975.

Supreme Court of South Dakota.

Considered on Briefs Jan. 14, 1986.

Decided Feb. 26, 1986.

Michael Carter, Pierre, for appellant Mother.

Robert Kelley, Lemmon, for D.B. and D.B.

Janice Godtland, Asst. Atty. Gen., Pierre, Curtis Hanks, Perkins Co. States Atty., Lemmon, for Appellee, State of S.D.

FOSHEIM, Chief Justice.

C.B. (mother) appeals from the decree terminating her parental rights over D.B. and D.B. We reverse and remand.

The State of South Dakota (State) filed a petition alleging that D.B.–1 and D.B.–2 were dependent and neglected children as defined by SDCL § 26–8–6. An adjudicatory hearing was held on November 10, 1983. In response to the parents' motion to dismiss for failure to establish dependency and neglect by clear and convincing evidence, the trial court stated from the bench:

> The motion [to dismiss] insofar as it, as it is directed warranting the statutory proof of the—requirement of the state is granted insofar as the clear and convincing aspect goes. However, the Court does find that the state has by a preponderance of the evidence shown that there has been dependency and neglect in this action and I so find specifically as follows: I do not find that the state has carried the burden of proof to show by clear and convincing evidence that a termination of parental rights is the essential remedy required in this case.

The court ordered the children to be temporarily returned to their parents and set guidelines regarding counseling, parenting classes, and supervision by Social Services. A review hearing on the temporary dispositional order was scheduled. The court entered an order of adjudication on June 26, 1984, which declared both children to be dependent and neglected and again referred to the standard of proof as a "preponderance of the evidence." A dispositional hearing was held July 25, 1984, following which the court ruled that the State had established by "clear and convincing evidence" that termination of parental rights was the least restrictive alternative. Formal findings of fact and conclusions of law were made and a decree of disposition was filed on March 27, 1985. The father does not appeal.

The mother has a history of psychological problems, and is apparently unable to adequately care for the two children. Neither child was developing physically or mentally as they should while in her care. D.B.–1, seven years old, has been diagnosed as having a pervasive development disorder. A professional at the West River Children's Home, D.B.–1's present placement, testified the child has a schizophrenic makeup, is detached and has inappropriate language development. D.B.–2, the younger child, shows more emotion than his older brother and is more verbal and healthier. However, he also has special needs and will have difficulty in school. He is now in foster care. The children are close to one another. Professionals who testified at the hearing recommended termination of parental rights.

Earlier attempts to leave the children in the parents' home with supervision and guidance by a Social Services or foster care [1] with parental visitation were unsuccessful. Following Social Services involvement with the family, D.B.–1 began to receive some of the special, intensive help that he needs. D.B.–2 was also given some preschool opportunities. However, the children's attendance at the special programs while residing with their mother was not regular and Social Services had great difficulty in keeping the family's rehabilitation program on track. All efforts collapsed when a domestic dispute at the family home erupted.

The mother takes exception to the trial court's use of the "preponderance of the evidence" standard used at the adjudicatory hearing. She contends this constitutes error since dependency and neglect must be established by clear and convincing evidence in accordance with *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982), and *People in the Interest of S.H.*, 323 N.W.2d 851 (1982).

The *adjudicatory* order determined the children dependent and neglected based on a "preponderance of the evidence" standard. The *dispositional* order and associated findings of fact and conclusions of law used the proper "by clear and convincing

---

**1.** The children were placed in foster care in Pierre for a time in 1983 when their mother was hospitalized at the Human Services Center in Yankton. The maternal grandmother and other relatives have also cared for them.

evidence" standard. A "clear and convincing" standard, however, must be used at both the adjudicatory and dispositional stage. *Matter of J.W.W.*, 334 N.W.2d 513, 516 (S.D.1983); *People in the Interest of L.A.*, 334 N.W.2d 62, 64–66 (S.D.1983). Consequently, the court was without authority to make a dispositional order since the children had not been properly adjudicated dependent and neglected. *See* SDCL § 26–8–1(8). The case, therefore, is reversed and remanded for a proper adjudicatory hearing using the correct evidentiary standard.

Having reached this conclusion, the remaining issues need not be addressed.

All the Justices concur.

HERTZ, Circuit Court Judge, Acting as a Supreme Court Justice, participating.