In the MATTER OF R.P., M.P., and G.P., III, Alleged Dependent Children.

No. 17767.

Supreme Court of South Dakota.

Considered on Briefs Nov. 17, 1992.

Decided March 31, 1993.

Kathleen F. Trandahl of Rahn and Trandahl, Winner, for appellant Father, G.L.P.

Mark Barnett, Atty. Gen., Joan P. Baker, Asst. Atty. Gen., Pierre, for appellee, State.

John Peterson of Johnson, Eklund & Abourezk, Gregory, for children R.C., M.P., and G.P., III.

WUEST, Justice.

G.L.P. Jr. (Father) appeals the termination of his parental rights as to R.P. (Older Son) and M.P. (Daughter). We affirm.

## FACTS

In January of 1991, Father pled guilty to third-degree rape in the sexual abuse of Daughter. He was sentenced to fifteen years in the South Dakota State Penitentiary and is incarcerated at the present time.

The whereabouts of D.P., the Mother of the children, is unknown.

On March 14, 1991, a petition was filed alleging Older Son, Daughter and G.P. (Younger Son) were dependent and neglected. On April 2, 1991, the children were placed in the temporary custody of the South Dakota Department of Social Services (DSS). An attorney was appointed to represent them. An adjudicatory hearing was held April 24, 1991 at which the children were adjudged dependent and neglected.

At the June 5, 1991 dispositional hearing, the trial judge interviewed all three children *in camera* and heard testimony from a psychologist who had evaluated the children. The court terminated the Father's parental rights to Older Son and Daughter.

Father appeals. Older Son attained his majority April 25, 1992; appeal of the termination of parental rights as to Older Son is moot and will not be addressed by this court. We will address the issues relating to termination of Father's parental rights to Daughter, adding additional facts where necessary.

## ANALYSIS

■ This court must determine whether there is clear and convincing evidence supporting the trial court's termination of parental rights. *Matter of A.H.*, 421 N.W.2d 71, 75 (S.D.1988); *Interest of T.H.*, 396 N.W.2d 145, 147–48 (S.D.1986); *Matter of S.M.*, 384 N.W.2d 670, 673 (S.D.1986). A trial court's findings of fact will not be set aside unless they are clearly erroneous. SDCL 15–6–52(a). The question is not whether this court would have made the same findings but whether, after a review of all the evidence, we are definitely and firmly convinced a mistake has been made. *T.H.* 396 N.W.2d at 148; *S.M.* 384 N.W.2d at 674; *Matter of D.H.*, 354 N.W.2d 185, 188 (S.D.1984).

■ The termination of parental rights is a two-step process. The clear and convincing standard applies at both stages. *D.H.*, 354 N.W.2d at 188. First, an adjudicatory hearing is held at which time determination

is made as to whether a child is dependent and neglected. The second step is a dispositional hearing deciding what should be done for the child. At the dispositional hearing, the best interests of the child, the parents and the public are balanced; however, the paramount consideration is the best interest of the child. *Matter of C.M.*, 417 N.W.2d 887, 889 (S.D.1988); *In re S.M.M.*, 349 N.W.2d 63, 64 (S.D.1984). The trial court must apply the least restrictive alternative *commensurate with the best interests of the child. Interest of S.L.H.*, 342 N.W.2d 672, 679 (S.D.1983) (emphasis added); *Matter of B.E.*, 287 N.W.2d 91, 95 (S.D.1979).

### I. FATHER HAD ADEQUATE NOTICE UNDER SOUTH DAKOTA LAW AND THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT THAT TERMINATION OF HIS PARENTAL RIGHTS WAS AT ISSUE AT THE DISPOSITIONAL HEARING.

Father claims his due process rights were violated as he did not have adequate notice termination of his parental rights was at issue in the dependency and neglect hearing. First, he argues the trial court did not have jurisdiction over him because he did not receive personal service as required under SDCL 26–8–15.[1] Second, he claims the dependency and neglect petition did not specifically advise him termination of his parental rights would be sought. We will address these arguments in order.

■ Due process requires a party be informed of the pendency of an action against him. *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950); *Milliken v. Meyer*, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940). In 1987, this court applied the *Garland* test to determine whether notice was sufficient to satisfy due process in criminal matters. *State v. Winters*, 414 N.W.2d 1, 2 (S.D.1987); *City of Rapid City v. Albertus*, 310 N.W.2d 167, 168 (S.D.1981) (quoting *Garland v. Washington*, 232 U.S. 642, 645, 34 S.Ct. 456, 457, 58 L.Ed. 772, 775 (1914)). A modification of the test we adopted in *Albertus* is applicable here.

> Due process of law, this court had held, does not require the state to adopt any particular form of procedure, so long as it appears that the accused has had sufficient notice of the [proceedings] and an adequate opportunity to [be heard].

*Winters*, 414 N.W.2d at 2; *Albertus*, 310 N.W.2d at 168.

■ It is apparent from the record that Father had actual notice of the dependency and neglect proceedings. The same counsel who represented Father in the criminal action which gave rise to this matter was served with notice of the dependency and neglect proceedings. Counsel appeared at the adjudicatory portion of the hearing; the transcript shows the following exchange between Father's counsel and the court:

> THE COURT: Also appearing on this record on behalf of [Father] is his court-appointed attorney [counsel].
>
> [COUNSEL]: Yes, sir.
>
> THE COURT: Your client isn't here. Is it acceptable to you to proceed in his absence today?
>
> [COUNSEL]: Yes, it is. I have had an opportunity to speak with him and have had substantial correspondence from him and we have gone over the petition and I'm ready and I have the authority to act in his behalf today.
>
> THE COURT: All right, So he has seen a copy of the petition?

---

1. We note that SDCL 26–8–15 was subsequently revised and reenacted as SDCL 26–7A–47. SDCL 26–8–15 provides:

    The citation or summons required by § 26–8–13 may be served by any person authorized by the laws of this state to serve a summons in a civil action or by any duly appointed probation officer, even though such officer be the petitioner. Such summons or citation shall be personally served upon the custodian, parent or parents, or relative, or guardian of the child if such person resides within the state, except as otherwise provided in this chapter, and may be served upon such person, if without the state, by like personal service or by publication as provided in this chapter; such service shall be made not less than five days before the time fixed for the hearing of such petition.

[COUNSEL]: Yes, he has.

THE COURT: And do you think he understands his statutory and constitutional rights?

[COUNSEL]: Yes, your Honor, I have explained it to him.

THE COURT: And does he understand that I could terminate his parental rights in this case?

[COUNSEL]: Yes.

THE COURT: And you're ready to proceed on his behalf?

[COUNSEL]: Yes.

THE COURT: He's agreeable to not being here?

[COUNSEL]: Yes.

The actual notice received by Father is sufficient notice to comply with procedural due process. His constitutional due process rights were not violated.

■ We now examine the service of process. In 1991, SDCL 26–8–15 directed that the summons required under SDCL 26–8–12 be personally served on a parent or guardian. The summons in this case was served on Father's counsel. He claims this technical defect in service of process deprives the court of jurisdiction. While it is generally true that a question of jurisdiction may be raised at any time during the proceedings, this is not true with questions of sufficiency of process. *See* SDCL 15–6–12(b), 15–6–12(h)(1). As with objections to personal jurisdiction, an objection to sufficiency of process is waived if the party fails to object at the appropriate time. *Cf. Rapid City Ed. Ass'n v. School Dist. 51–4*, 446 N.W.2d 770, 771 (S.D.1989); *Williams Ins. of Pierre v. Bear Butte Farms Partnership*, 392 N.W.2d 831, 833–34 (S.D. 1986).

■ The summons and petition were served on Father's counsel March 14, 1991. On April 2, 1991, Father moved the court to leave Younger Son in the custody of a family member. On April 8, 1991, Father made a motion for court to appoint counsel to represent him in the dependency and neglect proceeding.[2] Father appeared

through counsel at the adjudicatory portion of the hearing and the above-quoted exchange took place between counsel and the court.

Father's first objection to the sufficiency of process was at the dispositional phase of the dependency and neglect hearing. The objection came too late; it is deemed waived. *See Matter of J.W.W.*, 334 N.W.2d 513, 516 n. 4 (S.D.1983) (father submitted himself to jurisdiction of court by making earlier motion to court and failing to object to defective notice in a timely manner).

■ Father next claims the petition did not specifically advise him that termination of parental rights would be sought. This is not supported by the record. The summons served with the petition clearly stated:

You are further advised that the Termination of parental rights is a possible remedy under these proceedings and that you have the right to be represented by an attorney at all stages of the proceedings.

The language is clear—termination of parental rights is at issue. Additionally, at the adjudicatory hearing, counsel admitted Father had seen the petition and understood his parental rights could be terminated. Father had actual notice termination of his parental rights was at issue in the dependency and neglect proceedings; there was no violation of his due process rights.

II. TERMINATION OF FATHER'S PARENTAL RIGHTS TO DAUGHTER WAS THE LEAST RESTRICTIVE ALTERNATIVE BASED UPON ALL THE FACTS AND CIRCUMSTANCES OF THIS CASE.

■ Termination of parental rights is a final step that should be exercised with great caution. *Matter of S.H.*, 337 N.W.2d 179, 181 (S.D.1983). The state must show there is no narrower means of providing for the best interests of the child. *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). This least restrictive alternative to termination of pa-

---

2. Father's motion for court-appointed counsel was a mere formality as Father has been represented by the same counsel from the beginning of this matter.

rental rights is examined from the child's point of view. *A.H.*, 421 N.W.2d at 75. The best interest of the child is the controlling factor. *Id.* *Matter of C.M.*, 417 N.W.2d at 889. Therefore, we must determine whether the trial court was clearly erroneous in finding the evidence supporting termination was clear and convincing. *A.H.*, 421 N.W.2d at 75.

▪▪▪▪▪ Father argues the trial court's findings of fact were inadequate to support the termination of his parental rights. Incarceration itself is not sufficient reason to terminate parental rights; however, the court may consider a parent's past conduct and present incarceration in the decision. *In re A.D.*, 416 N.W.2d 264, 268 (S.D.1987). We have noted "the nature of the crime committed, as well as the person against whom the criminal act was perpetrated are all relevant to the issue of parental fitness." *Matter of B.A.M.*, 290 N.W.2d 498, 501 (S.D.1980) (quoting *In re Sego*, 82 Wash.2d 736, 513 P.2d 831, 833 (1973). The court found Father had sexually abused Daughter from the time she was seven or eight years of age. He is currently serving a fifteen year prison sentence for that crime. The Father's criminal conduct toward his own child weighs heavily in favor of terminating his rights to that child.

▪▪▪ Expert testimony indicated Father will need treatment for seven to eight years for his abnormal sexual behavior. Even Father admits he is not certain he will ever be cured.[3] "The best interests of a child require that some certitude and stability enter a child's life. . . . A child . . . is entitled to a stable, healthy environment now[.]" *A.D.*, 416 N.W.2d at 268 (citing *T.H.*, 396 N.W.2d at 149–51; *Matter of A.M.L.*, 371 N.W.2d 358, 360 (S.D.1985) (Henderson, J., specially concurring)). While in prison, Father is unable to provide for his children or perform normal parental duties. *See Matter of B.A.M.*, 290 N.W.2d at 503. Daughter is now fifteen years old, she will be an adult in three years, long before Father's treatment is resolved. She

deserves a safe, secure home life with responsible caregivers now.

A psychologist testified that Daughter needs to be in control of any relationship with her Father and be protected from any inappropriate communication. Daughter indicated in an *in camera* interview with the judge that she does not want to visit her Father in prison, does not want any contact with him now and does not know whether she ever will. With the termination of her Father's parental rights, if Daughter wishes to communicate with her Father, she can; the decision and control belong to her, not her Father.

Under these circumstances, the least restrictive alternative in the Daughter's best interest was to terminate Father's parental rights. The fact the court did not terminate Father's rights as to Younger Son, where there was no evidence of abuse or mistreatment, shows the trial court applied the least restrictive alternative as to each child. The evidence provided a clear and convincing basis on which to terminate Father's parental rights to Daughter.

The decision and order of the trial court is affirmed.

MILLER, C.J., and SABERS, J., concur.

HENDERSON and AMUNDSON, JJ., concur in part and dissent in part.

HENDERSON, Justice (concurring in part; dissenting in part).

Under the state of this record, without going into the merits, I cannot vote to affirm. This case must be returned to the circuit court for correction.

This Court has, on at least two occasions, held that the *clear and convincing standard* is required to be applied at *both the adjudicatory and dispositional phase* in juvenile proceedings. *Matter of D.B.*, 382 N.W.2d 419 (S.D.1986); *People in Interest of L.A.*, 334 N.W.2d 62 (S.D.1983). Accord: *People in Interest of K.C.*, 414 N.W.2d 616, 619 (S.D.1987).

---

**3.** Studies have suggested child molesters are not curable and have a high recidivism rate. *See, In re J.J.*, 454 N.W.2d 317, 325 n. 7 (S.D.1990).

The highest court in this land has held that a *clear and convincing* standard "... adequately conveys to the factfinder the level of subjective certainty about his factual conclusions necessary to satisfy due process." *Santosky v. Kramer*, 455 U.S. 745, 769, 102 S.Ct. 1388, 1403, 71 L.Ed.2d 599 (1982).

Here, the trial court failed to use the *clear and convincing standard* at both the adjudicatory and dispositional phases of this juvenile proceeding. Inherently flawed in the adjudicatory and dispositional phase, this case must be reversed and remanded for further proceedings. *See, Order of Adjudication and Disposition* (adjudicatory phase) dated September 16, 1991, and *Findings of Fact and Conclusions of Law* (dispositional phase) dated September 16, 1991. However, there is, also, an *Order of Adjudication* (adjudicatory phase) dated April 24, 1991, reflecting that the father admitted the allegations of the petition of dependency and neglect. Perhaps, but it is doubtful, that this "saves" the adjudicatory phase; however, the settled law is that the trial court has a judicial duty to enter these obligatory findings and must find that there is *clear and convincing* evidence. An absence of finding in the September 16, 1991, *Findings of Fact and Conclusions of Law* (dispositional), both as to (1) the best interests of the child and (2) the least restrictive alternative renders the termination of parent's rights fatal. Without such a finding, there is no level of subjective certainty necessary to satisfy due process, as required by *Santosky*. *See*, also, the necessity of findings as regards (1) the best interests of the child and (2) the least restrictive alternative per *Matter of A.H.*, 421 N.W.2d 71 (S.D.1988). Word for word, I have carefully researched the record and in the three salient documents, no such findings exist. Therefore, under the settled law of this state and the United States Supreme Court, this case should be remanded to the trial court for indispensable Findings of Fact and Conclusions of Law.

I concur, on the merits, to the discourse on Issue I.

I am authorized to state that Justice AMUNDSON joins this special writing.