2000 SD 109

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Edward Louis VOCU, Defendant and Appellant.**

**No. 20989.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 29, 1999.

Decided Aug. 16, 2000.

Mark Barnett, Attorney General, Sherri Sundem Wald, Assistant Attorney General, Pierre, Attorneys for plaintiff and appellee.

Arnold D. Laubach, Jr., Office of Public Defender, Rapid City, Attorneys for defendant and appellant.

GILBERTSON, Justice.

[¶ 1.] Edward Louis Vocu was found guilty of possession of a controlled substance, a Class 5 felony, possession of less than one-half pound of marijuana, a Class 1 misdemeanor, and possession of drug paraphernalia, a Class 2 misdemeanor. We affirm.

### FACTS

[¶ 2.] When Highway Patrol Trooper Boersma spotted Vocu's pickup traveling on a Rapid City street on May 28, 1998, he knew that Vocu was suspected of drug trafficking, might be involved in it that day, and possibly kept drugs in his vehicle. Boersma ran a license check and discovered Vocu's driver's license had expired. He also noticed the pickup's rear license plate light was inoperative.

[¶ 3.] Trooper Boersma stopped the pickup and approached the driver. Vocu identified himself by producing his expired South Dakota driver's license. He was ticketed for driving without a valid driver's license.

[¶ 4.] Because Vocu did not have a valid driver's license Trooper Boersma asked him to post a seventy-five dollar bond. When Vocu was unable to post the bond, Boersma ordered him transported to jail and booked. While at the jail Vocu was interviewed by DCI agents and read his Miranda rights. Vocu waived his Miranda rights, made statements to the officers to the effect he had drug paraphernalia at his residence and consented to a search of that residence. The subsequent search yielded a marijuana pipe with residue and a scale with methamphetamine residue.

[¶ 5.] After his arrest, Vocu filed a motion to suppress the results of this search, arguing that SDCL 32–33–2 governed his stop and required Trooper Boersma to allow Vocu to sign the "promise to appear" portion of the uniform traffic ticket and then be released. The trial court concluded:

4. Because Vocu was not able to provide Trooper Boersma with a valid drivers license, Trooper Boersma was not required by SDCL 32–33–2 to immediately issue a summons and notice of time and place to appear and release Vocu at the scene of the traffic stop. Trooper Boersma validly required that Vocu post a bond for his release.

5. Because Vocu did not have enough money to post the required bond, Trooper Boersma validly required Vocu to go to jail, where he would be required to post bond after seeing the nearest or most available magistrate.

6. Vocu, by being taken to the Pennington County jail, was not illegally detained. His subsequent consent and any statements made in the interview at the jail was [sic] not tainted by an illegal detention.

ISSUE

**[¶ 6.] Did the trial court err when it denied Vocu's motion to suppress?**

DISCUSSION

[¶ 7.] Vocu and the State agree that his offense of driving with an expired license is a violation of SDCL 32–12–22 that provides:

No person, except those expressly exempted in §§ 32–12–22.1 to 32–12–28, inclusive, shall drive any motor vehicle upon a highway in this state unless such person has a valid license as an operator under the provisions of this chapter. Any person convicted for a violation of this section shall be guilty of a Class 2 misdemeanor.

[¶ 8.] Accordingly, SDCL 23A–3–2 authorized Trooper Boersma to arrest Vocu. That statute provides, in part:

A law enforcement officer may, without a warrant, arrest a person:

(1) For a public offense, other than a petty offense, committed or attempted in his presence[.]

[¶ 9.] Vocu contends, however, that SDCL 32–33–2 required Trooper Boersma to release Vocu from custody after he signed the written promise to appear. SDCL 32–33–2 provides:

Except as otherwise specifically provided, whenever a person is arrested for a violation of any provision of this title punishable as a misdemeanor, the arresting officer *shall take the name and address of the person and the license number of his motor vehicle and driver's license* and issue a summons or otherwise notify him in writing to appear at a time and place to be specified in the summons or notice. The time shall be at least five days after the arrest unless the person arrested demands an earlier hearing. *The arresting officer shall upon the person's written promise to appear, release him from custody.* Any person refusing to give a written promise to appear shall be taken immediately by the arresting officer before the nearest or most accessible magistrate. Any person who intentionally violates his written promise to appear is guilty of a Class 2 misdemeanor regardless of the disposition of the charge upon which he was originally arrested. A nonresident arrested for a violation of any provision of this title may be required to post bond in the amount set forth on the fine and bond schedule provided by the presiding circuit court judge, or in an amount set by a magistrate or judge for that offense, before being released from custody. (emphasis added).

[¶ 10.] Under SDCL 32–33–2 Vocu had to produce his name and address, the license number of the motor vehicle he was driving, and his driver's license before he could be released upon his promise to appear. While Vocu produced what he characterizes as an expired driver's license, he was unable to produce what SDCL 32–33–2 requires, a valid license authorizing him to drive a motor vehicle upon South Dakota highways. SDCL 32–33–2 does not recognize non-valid driver's licenses as being in compliance with the statute. For purposes of compliance with this statute, an expired, suspended, revoked, altered or forged driver's license is the same as no driver's license. Vocu was not authorized to drive his vehicle. SDCL 32–12–22. Trooper Boersma would have violated his duty as a law enforcement officer had he allowed Vocu to sign a promise to appear and simply drive away. To hold otherwise would create an absurd and unreasonable result that the legislature did not intend. *Dahn v. Trownsell,* 1998 SD 36, 576 N.W.2d 535. *See also, State v. Brassfield,* 2000 SD 110, ¶ 15, 615 N.W.2d 628, 632.

[¶ 11.] Trooper Boersma had the authority to bring Vocu to jail under SDCL 23A–3–2 rather than releasing him pursuant to SDCL 32–33–2. Vocu then waived his Miranda rights and gave permission to

search his apartment.[1] Consequently, the trial court did not err by denying Vocu's motion to suppress. *State v. Smith,* 1999 SD 83, 599 N.W.2d 344.

[¶ 12.] Affirmed.

[¶ 13.] MILLER, Chief Justice, and KONENKAMP, Justice, concur.

[¶ 14.] SABERS, and AMUNDSON, Justices, dissent.

SABERS, Justice (dissenting).

[¶ 15.] I dissent for the reasons set forth in Justice Amundson's dissent and those set forth in my dissent in *State v. Brassfield,* 2000 SD 110, 615 N.W.2d 628.

AMUNDSON, Justice (dissenting).

[¶ 16.] I respectfully dissent.

[¶ 17.] In the present case, Vocu and the state agree that his offense of driving with an expired license is a violation of SDCL 32–12–22, which provides:

> No person, except those expressly exempted in §§ 32–12–22.1 to 32–12–28, inclusive, shall drive any motor vehicle upon a highway in this state unless such person has a valid license as an operator under the provisions of this chapter. Any person convicted for a violation of this section shall be guilty of a Class 2 misdemeanor.

[¶ 18.] Generally, law enforcement officers may arrest a person without a warrant "[f]or a public offense, other than a petty offense, committed or attempted in his presence." *See* SDCL 23A–3–2(1) (1998). When a person is arrested for a violation of SDCL Title 32 which is punishable as a misdemeanor, SDCL 32–33–2 applies "[e]xcept as otherwise specifically provided." The statute provides:

> Except as otherwise specifically provided, whenever a person is arrested for a violation of any provision of this title punishable as a misdemeanor, the arresting officer shall take the name and address of the person and the license number of his motor vehicle and driver's license and issue a summons or otherwise notify him in writing to appear at a time and place to be specified in the summons or notice. The time shall be at least five days after the arrest unless the person arrested demands an earlier hearing. The arresting officer shall upon the person's written promise to appear, release him from custody. Any person refusing to give a written promise to appear shall be taken immediately by the arresting officer before the nearest or most accessible magistrate. Any person who intentionally violates his written promise to appear is guilty of a Class 2 misdemeanor regardless of the disposition of the charge upon which he was originally arrested. A nonresident arrested for a violation of any provision of this title may be required to post bond in the amount set forth on the fine and bond schedule provided by the presiding circuit court judge, or in an amount set by a magistrate or judge for that offense, before being released from custody.

SDCL 32–33–2 (1998). This procedure is consistent with petty offense motor vehicle violations.[2]

---

**1.** Vocu does not contest the validity of his waiver of his Miranda rights nor the validity of his voluntary consent to the search of his residence.

**2.** SDCL 23–1A–11 provides:

> Any person who has been served with a petty offense complaint for a violation of a statute relating to the operation and use of a motor vehicle may, if he has a valid South Dakota driver's license in his possession or if the arresting officer is shown satisfactory proof that the person does have a valid

South Dakota driver's license although not in his immediate possession, give a written promise to appear at the hearing to the officer who served the complaint on him.

> If he does not have a valid South Dakota driver's license, he may immediately either sign an admission and give a deposit in accordance with § 23–1A–12 or file a deposit in accordance with § 23–1A–13. If he refuses either alternative, he shall be taken immediately to the nearest or most accessi-

[¶ 19.] SDCL Chapter 32–33 contains two statutes delineating exceptions to SDCL 32–33–2. The first, SDCL 32–33–2.1, provides:

Sections 32–33–2 and 32–33–3 do not apply to any person arrested and charged with a violation of § 32–22–16 or 32–22–21. The arresting officer may take the person immediately before the nearest and most accessible magistrate.

The violations referred to in these sections are Class 2 misdemeanors dealing with the maximum weight of vehicles and the maximum weight of vehicles equipped with pneumatic tires. *See* SDCL 32–22–16 and 32–22–21.

[¶ 20.] The second statute dealing with exceptions to SDCL 32–33–2 is SDCL 32–33–4, which states:

Sections 32–33–2 and 32–33–3 do not apply to any person arrested and charged with an offense causing or contributing to an accident resulting in injury or death to any person, nor to any person charged with reckless driving, nor to any person charged with driving while under the influence of an alcoholic beverage or any controlled drug or substance or marijuana, nor to any person charged with a violation of subdivision 32–12–65(1) or § 32–33–13, nor to any person who the arresting officer has good cause to believe has committed any felony. A law enforcement officer shall take such person without unnecessary delay before the nearest or most accessible magistrate.

SDCL 32–12–65(1) is specifically excluded from SDCL 32–33–2. Under SDCL 32–12–65(1),

[a]ny person who drives a motor vehicle on any public highway of this state at a time when his privilege is

(1) Revoked is guilty of a Class 1 misdemeanor[.]

While the legislature specifically excluded SDCL 32–12–65(1) from the reach of SDCL 32–33–2, it did not exclude the remainder of that statute which provides:

Any person who drives a motor vehicle on any public highway of this state at a time when his privilege is

. . . . .

(2) Suspended is guilty of a Class 2 misdemeanor;

(3) Cancelled is guilty of a Class 2 misdemeanor.

*See* SDCL 32–12–65(2)–(3). Further, the legislature also failed to exclude SDCL 32–12–22, the statute Vocu was cited under, from the application of SDCL 32–12–18. *See* SDCL 32–12–18 (1998) (dealing with the surrender of all previously issued operators licenses before applying for a new license).

[¶ 21.] Trooper Boersma did not follow the procedures set forth in SDCL 32–33–2 even though Vocu was able to produce what that statute requires and his offense has not been excluded from its application.[3] Based upon the appropriate appli-

---

ble judge or magistrate for a hearing on the complaint.

Any person who intentionally violates his written promise to appear, given in accordance with the provisions of this section, is guilty of a Class 2 misdemeanor.

**3.** This Court has not previously interpreted SDCL 32–33–2 and its exceptions. In *State v. Dale,* 360 N.W.2d 687, 690 (S.D.1985) this Court did find SDCL 32–33–2 applicable to speeding cases. This Court did observe, however,

[t]he South Dakota Legislature has not established a separate procedure for the prosecution of misdemeanors in general,

or of traffic offenses punishable as Class 2 misdemeanors, in particular. In the absence of a specifically prescribed statutory procedure, a court may proceed in any lawful manner not inconsistent with Title 23A or any other applicable statute. SDCL 23A–45–13. The proper procedure for the prosecution of speed violations must be pieced together with various applicable sections of SDCL chs. 23A–1, 32–25 and 32–33.

*Id.* at 689. In 1968, without analyzing the statute or its exceptions, the attorney general opined:

It is my opinion that the controlling law on the subjects of ARREST and BAIL is

cation of statutory construction and the statutes applicable to this case, I would reverse.

to be found in SDC Supp. 34.16 and the case law applicable thereto.

SDC 44.0502 [basically SDCL 32–33–2 and 32–33–4] appears to provide only for an alternative method by which an arresting officer may proceed to effectuate the appearances of the arrested person before an appropriate magistrate.

I find nothing in the statute, or elsewhere, to indicate that SDC 44.0502 would in any way supersede or supplant the law of ARREST and BAIL as found in SDC Supp. 34.16 and the case law pertaining thereto.

I am therefore of the opinion that SDC 44.0502 is not mandatory.

1967–1968   Op. Att'y Gen. 432.