## STATE v. WALKER.

1. A defendant is entitled, on appeal from a conviction before a justice on questions of both law and fact, to have all papers filed in the cause transmitted to the circuit court (Comp. Laws, § 6182), and to the benefit of all legal questions raised on the pleadings in the justice court.

2. The sworn complaint required in all prosecutions before a justice (Comp. Laws, § 6147) is jurisdictional in all stages of the prosecution, and a defendant cannot be tried in the circuit court on an appeal on questions of both law and fact, unless such complaint has been certified up by the justice.

(Opinion filed Dec. 23, 1896.)

Error to circuit court, Brule county. Hon. FRANK B. SMITH, Judge.

William Walker was convicted of a misdemeanor in the circuit court on an appeal from justice court, and prosecutes error. Reversed.

The facts are stated in the opinion.

*S. H. Wright*, for plaintiff in error.

*Coe I. Crawford*, Attorney General, for the State.

FULLER, J. It appears that plaintiff in error was charged in justice court with the misdemeanor created and defined by Sec. 1 of Chap. 140 of the Laws of 1890, relating to trespass on school and public lands, and providing that upon conviction the offender ''shall be punished by a fine of not less than $25.00 or more than $100.00, or imprisonment in the county jail for a period of thirty days, or both, in the judgment of the court.'' The accused, being convicted of the offense as charged,

appealed to the circuit court, where he was again found guilty, and the case comes here on writ of error.

The information or sworn complaint, to which plaintiff in error entered in justice court the plea of not guilty, and upon which he was there tried and convicted, is not before us, nor was it transmitted by the justice on appeal; but the accused, over a valid objection, was tried, convicted, and sentenced in circuit court upon a transcript of the justice's docket, stating that the prosecution was commenced by a complaint on oath, and purporting to give a synopsis thereof, containing a recital, as to the time, place, and nature of the offense charged. As the complaint is no part of the docket which a justice of the peace is required to keep, and the accused is entitled, under Section 6182 of the Compiled Laws, to have, on appeal to the circuit court upon questions of both law and fact, the benefit of all legal objections raised in justice court to the pleadings therein, which must be transmitted to the circuit court, together with a certified copy of the justice's docket, the question now presented is divested of all points which involve an appeal to the circuit court, and trial *de novo*, upon an authenticated copy of that sworn complaint, without which no criminal proceeding can be lawfully initiated before a justice of the peace. Comp. Laws, § 6147. To the complaint in justice court plaintiff in error interposed a demurrer on the ground that the same did not state facts sufficient to constitute a public offense, and was entitled to have an order of the justice overruling said demurrer reviewed in circuit court, which, by constitutional and statutory law, is made an intermediate appellate tribunal, with jurisdiction to hear and determine all questions raised in a criminal cause appealed from a justice of the peace. The complaint in justice court is jurisdictional, and in the nature of an information or indictment, and the accuser must therein set forth "the offense charged, with such particulars of time, place, person, or property, as to enable the defendant to understand distinctly the character of the offense complained of." Section

6147· *supra.* To hold that a court, in any stage of a criminal prosecution, may try and convict a defendant, without a semblance of such an accusation as the law expressly requires, would establish a precedent, unsanctioned by the statute, and at variance with his right "to demand the nature and cause of the accusation against him, to have a copy thereof," as guarantied by Section 7 of Article 6 of the constitution of this state. Although plaintiff in error objected to this unwarranted proceeding at all stages of the trial in circuit court, and contended in support of his demurrer, and in every other lawful manner, that he stood charged with no offense whatever, the court, upon a verdict of guilty, pronounced a sentence of imprisonment for 25 days in the county jail in default of payment of $50, imposed as a fine provided for by statute. As, in the absence of a complaint, no issues were raised, and no foundation existed upon which to base a conviction, the judgment of the trial court must be reversed; and it is so ordered.