STATE, Respondent, v. CARLTON, Appellant.

(225 N. W. 60.)

(File No. 6738. Opinion filed April 13, 1929.)

108

*R. P. Carlton,* of Huron, in pro per.

*Buell F. Jones,* Attorney General, and *Bernard A. Brown,* Assistant Attorney General, for the State.

CAMPBELL, J.   A complaint was filed against the defendant in a justice court in Sanborn county, S. D., seeking to charge him

with an offense under section 3959, Rev. Code 1919, which reads as follows:

"Any person who shall use, in reference to and in the presence of another or in reference to or in the presence of any member of the family of another, abusive, profane or obscene language, intended or tending to provoke an assault or any breach of the peace, shall be punished by a fine of not less than five dollars nor more than fifty dollars, or by imprisonment in the county jail not to exceed ten days, or by both such fine and imprisonment in the discretion of the court."

Defendant demanded a jury in the justice court, which was accordingly called, and, as soon as the first witness was sworn, and before any testimony had been received, the defendant objected to the introduction of any testimony, "for the reason that the complaint does not describe a public offense." The complaint in question charged that the defendant did "in the presence of M. E. Taylor, and F. D. Richards, use in reference to M. H. Helgeland profane, abusive and obscene language tending to provoke an assault," etc.

Defendant's objection was overruled, the case was tried, and defendant was found guilty in the justice court. He appealed to the circuit court upon all questions of law and fact, and the case was there tried de novo, defendant again convicted, and from the judgment and an order denying his motion for new trial he has now appealed to this court.

Appellant predicates error upon several points, but we believe there is only one which it is necessary to consider.

█ Under section 3959, Rev. Code 1919, we are of the opinion that no offense is charged, unless it be alleged that the abusive, profane, or obscene language is used in the presence of the person referred to or in the presence of some member of the family of such person. The complaint in the justice court charged the use of the offensive language with reference to M. H. Helgeland, but failed to charge that such language was used in the presence of said Helgeland or in the presence of any member of the family of said Helgeland. We are therefore of the opinion that such complaint failed to describe a public offense.

█ This was a substantial defect of which appellant was entitled to avail himself under a plea of "not guilty" by objection

to the introduction of any testimony, and was not waived by failure to demur. Section 4779, Rev. Code 1919; State v. Stunkard, 28 S. D. 311, 133 N. W. 253.

In the circuit court the state, over the objection of appellant, was permitted to amend the complaint to charge that the language with reference to the said Helgeland was used in the presence of Helgeland. This was an amendment going to the substance and not to form. Prior to such amendment, the complaint did not describe a public offense. After the amendment, it did describe a public offense. It is our opinion that the learned circuit judge erred to the prejudice of appellant in permitting this amendment over his objection. Granting that the trial in circuit court on appeal from a conviction in a criminal case in justice court is in a sense a trial de novo, nevertheless it is a proceeding appellate in its general nature, and a defendant in such case is entitled in the circuit court to the benefit of all legal questions that he raised and preserved on the pleadings in the justice court, and this right cannot be amended away from him in the circuit court. State v. Walker, 9 S. D. 438, 69 N. W. 586.

The judgment appealed from is therefore reversed.

MISER, C., sitting in lieu of BROWN, J., absent.
POLLEY, BURCH, and MISER, JJ., concur.
SHERWOOD, P. J., concurs in result.