CITY OF VERMILLION, Respondent v. WILLIAMS, Appellant

(174 N.W.2d 331)

(File No. 10727. Opinion filed February 10, 1970)

**George Williams,** pro se.

**Martin Weeks,** of **Bogue & Weeks,** Vermillion, for plaintiff-respondent.

RENTTO, Judge.

About 3 p. m. on April 26, 1969, the defendant was arrested by a police officer of the City of Vermillion, South Dakota, for driving a motor vehicle on one of its streets at a speed in excess of that permitted by its ordinances. He issued to the defendant a summons in writing notifying him to appear in Police Magistrates Court at the Vermillion Police Department before Judge E. T. Michels on April 29, 1969 at a specified time to answer to the charge. On his written promise to appear there at that time he was released from custody.

At the designated time defendant appeared in District County Court before Judge Michels and the complaint charging the described offense was read to him. He entered a plea of not guilty and asked for a court trial. This was granted. He also requested that a court reporter be provided. He was advised that a reporter would be appointed, but the defendant would be expected to pay the reporter's compensation. He complained of the latter requirement contending that such payment was the statutory obligation of the city.

Just prior to the commencement of his trial on May 8, 1969 he asked that the charge be dismissed because the summons did not name the proper court for his appearance. Apparently the Police Magistrates Court had been replaced by a Municipal Court and this in turn more recently supplanted by the District County Court. SDCL 16-9. His motion was denied.

After a trial at which defendant represented himself the court found that he had operated his vehicle at a speed of at least 30 miles per hour on a street where the lawful speed was 20 miles per hour. On such finding a judgment was entered sentencing him to pay a fine of $10 and ordering him to pay the court reporter's compensation which was fixed at $10. His appeal presents the claims that:

1. The cause should have been dismissed because the summons did not name the proper court.

2. The evidence was insufficient to justify the court's finding that he had operated his vehicle at an unlawful speed.

3. The court erred in requiring him to pay the court reporter's compensation.

In our view there is merit in proposition three, but not in the other two.

 Admittedly, the summons did not name the proper court for his appearance. However, it did direct him to appear before a named judge who was the judge of the county district court in which he appeared. If the defect in the summons were such as to excuse him from appearing, nevertheless, in view of his prior entry of a plea the denial of his motion to dismiss was proper. In Rapid City v. Hessman, 82 S.D. 518, 149 N.W.2d 763, we said:

> "Defendant's entry of a plea of not guilty was a waiver of a warrant of arrest or other process necessary to bring him within the jurisdiction of the court. It is not necessary to proceed to trial to effectuate the waiver."

Moreover, from the record it is clearly inferrable that before the commencement of his trial he was arrested under a warrant of arrest, the validity of which is not challenged.

The officer who arrested defendant parked his police cruiser on the north side of East Clark Street facing west in the vicinity of the administration building at the University of South Dakota. In the front seat he had a radar set provided by the city for determining the speed of vehicles under surveillance. In his rear view mirror he observed a car behind him, proceeding west on East Clark Street, about two blocks to the east of where he was parked. He watched it in his rear view mirror from time to time and at the same time intermittently observed the

reading of its speed on his radar scope. As it approached him its speed was gradually reduced. The car he was observing was one driven by the defendant.

■ On the ground that the city had not shown that the radar set was accurate at the time and place in question, defendant objected to the officer testifying concerning the speed of his vehicle as determined by it. This was overruled. The officer then stated that it showed his speed as 35 miles an hour. This ruling is earnestly urged and argued as being erroneous. However, since the record reveals that the judge did not consider or utilize this evidence in finding that the defendant was exceeding the lawful speed, the correctness of the challenged ruling is not presented on this appeal.

From the findings it appears that the determination of excessive speed was bottomed on the officer's opinion as to the defendant's speed based on his visual observation of the vehicle. The arresting officer had been on the police force in Vermillion for three months before the incident involved. Prior to that he had been an airforce policeman for four years with experience as a traffic control officer. He had driven automobiles for 12 years and was experienced in estimating their speeds.

■■ Based on his observation of the car as he watched it in his rear view mirror and seeing it as it went by him he estimated its speed at between 30 and 40 miles an hour. When it passed him he said its speed was 30 miles per hour. This testimony was received over defendant's objection that the officer was not qualified as an expert capable of estimating speed. There is no merit in this contention.

This court has said that people who have had experience in driving cars and observing the speed thereof are competent to testify in regard to the speed of motor vehicles. State v. Nuzum, 58 S.D. 6, 234 N.W. 665; and Morton v. Holscher, 60 S.D. 50, 243 N.W. 89. Implicit in this rule is the qualification that the witness must have had a fair opportunity to observe the speed of the vehicle involved at or near the time in question.

Blashfield Automobile Law and Practice, 3d Ed., § 430.2; Jones on Evidence, 5th Ed., § 407. Clearly this officer was competent to testify as to the speed of the defendant's vehicle.

The circumstances under which he observed it did not affect his competency, but rather the weight to be given his testimony. Pemberton v. Fritts, 56 S.D. 374, 228 N.W. 409. This was for the trial judge to determine. Accepting it he could reasonably be convinced of the defendant's guilt beyond a reasonable doubt. SDCL 16-11-55. Consequently, we may not disturb his determination.

By SDCL 16-9-32 statutes relating to municipal courts were made applicable to actions in district county courts with municipal court jurisdiction. One of those provisions is SDCL 16-11-30. That section provides:

"The judge of the municipal court may appoint, whenever in his judgment it will expedite the public business and tend to a more economical and satisfactory administration of justice, a shorthand reporter, and may dismiss him at pleasure; and except as in this chapter otherwise provided, all laws in relation to shorthand reporters in the circuit court shall apply in the municipal courts.

"His compensation shall be fixed and certified by the judge and shall be paid by the county, except that the city shall pay for testimony taken upon trials for violation of city ordinances."

This enactment deprives the district county court of discretion in determining who should pay the compensation of the court reporter. Having appointed one, in a proceeding such as we are reviewing, the court was without authority to require the defendant to make the payment.

However, this does not require a reversal of the judgment. The cause is remanded to the trial court with directions to delete

the provision requiring the defendant to pay the court reporter's compensation from the judgment, and as so modified, it is affirmed.

All the Judges concur.

MUNDT, Circuit Judge, sitting for ROBERTS, P. J., disqualified.