**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Rhonda SADOWSKI, a/k/a Rhonda Rasmussen, a/k/a Rhonda Miles, Defendant and Appellant.**

Cr. No. 861.

Supreme Court of North Dakota.

March 17, 1983.

Robert G. Hoy, State's Atty., Fargo, for plaintiff and appellee; argued by Bruce D. Quick, Asst. State's Atty., Fargo.

Dosland, Dosland & Nordhougen, Moorhead, Minn., for defendant and appellant; argued by Duane A. Lillehaug, Moorhead, Minn.

ERICKSTAD, Chief Justice.

In *State v. Sadowski,* 329 N.W.2d 583 (1983), we raised the question of whether or not the trial court had jurisdiction to adjudicate the criminal charge against Rhonda A. Sadowski. For the reasons hereinafter stated, we reverse without prejudice.

Specifically, the question to be resolved is:

Whether or not magistrate and referee Cynthia A. Rothe was empowered to preside over Sadowski's trial and ultimately adjudge her to be guilty of prostitution, a class B misdemeanor.

The facts relevant to a proper determination of this issue are not in dispute and can be briefly summarized.

On November 10, 1981, the Board of County Commissioners of Cass County appointed Cynthia A. Rothe to the position of ". . . Magistrate and Referee to the County Court of Increased Jurisdiction of Cass County, effective December 15, 1981." [1] Subsequent thereto, on May 5, 1982, Sadowski was tried, without a jury, before magistrate and referee Rothe for prostitution, a class B misdemeanor.[2] Upon conclusion of Sadowski's trial, magistrate and referee Rothe adjudged her to be guilty as charged, and, in accordance therewith, entered a judgment of conviction dated May 5, 1982.

A small claims court referee may be designated a magistrate pursuant to Section 29-01-14 of the North Dakota Century Code, which reads in pertinent part:

"*29-01-14. Who are magistrates.*— The following officers are magistrates:

\* \* \* \* \* \*

3. As limited by law directing the place of exercising their jurisdiction and authority, county justices, municipal judges, small claims court referees who are licensed to practice law and authorized by the county commissioners in case of an emergency and, when authorized by law, the judges of the county courts, including those with increased jurisdiction, each with authority to act as magistrate throughout the county or the city for which he is elected or appointed."

The appellant raises the question of whether or not the county commissioners were authorized to appoint Rothe as a magistrate under this statutory provision. She contends that Rothe's appointment was unauthorized because the evidence does not establish that a case of emergency existed.[3] Because a duly constituted small claims court referee designated magistrate lacks the authority to preside over and adjudicate the criminal proceedings in question, we do not find it necessary to determine whether or not the evidence before this court establishes the existence of a case of emergency. In accordance therewith, we will assume for the purposes of this opinion that the county commissioners properly appointed Rothe a

1. The commissioners' appointment of Rothe is reflected in the minutes of the November 10, 1981, meeting of the Board of County Commissioners of Cass County:

"Based upon the unanimous recommendation of a committee appointed by County Court Judge Donald Cooke, Mrs. Wold moved and Mrs. Stanton seconded that the Board appoint Miss Cynthia Rothe to the position of full-time Magistrate and Referee to the County Court of Increased Jurisdiction of Cass County, effective December 15, 1981, at a salary of $36,633.00 per year."

2. Sadowski was charged with and convicted of violating Section 12.1-29-03(1), N.D.C.C., which reads in pertinent part:

"*12.1-29-03. Prostitution.*—A person is guilty of prostitution, a class B misdemeanor, if he:

1. is an inmate of a house of prostitution or is otherwise engaged in sexual activity as a business; . . ."

3. The only evidence before the court is that of an affidavit filed by Judge Donald J. Cooke, Judge of the Cass County Court with Increased Jurisdiction, in which he states that prior to appointing Rothe magistrate and referee, the county commissioners declared the county court's pending case load to be an emergency situation.

"magistrate" pursuant to subsection 3 of Section 29–01–14.

Rothe's authority as a small claims court referee who has been duly appointed a magistrate is clearly enunciated in Section 29–01–15, N.D.C.C.:

> "*29–01–15. Jurisdiction of justices, municipal judges, small claims court referees, and county courts.* Any county justice, municipal judge, or judge of the county court mentioned in section 29–01–14, subsection 3, may:
>
> 1. Act as committing magistrate, provided that this subsection shall not apply to municipal judges who are not attorneys currently licensed under chapter 27–11.
>
> 2. Hear, try, and determine misdemeanors and infractions when jurisdiction has been conferred by the constitution and this and other laws.
>
> 3. Adjudge and impose the punishment prescribed by law, upon conviction, in all cases within his jurisdiction to hear, try, and determine.
>
> 4. Grant temporary protection orders under the particular circumstances and for the limited duration set forth in section 14–07.1–08.
>
> A small claims court referee authorized pursuant to subsection 3 of section 29–01–14 may act as a committing magistrate."

This statutory provision distinguishes between a non-referee magistrate's authority and the authority of a small claims court referee who has been designated a magistrate pursuant to subsection 3 of Section 29–01–14.

■ Under Section 29–01–15, N.D.C.C., a small claims court referee magistrate is limited to acting as a "committing magistrate". Thus, to ascertain the extent of Rothe's authority in the case at bar, we must first determine the authority of a "committing magistrate".

The term "committing magistrate" is a limiting term and generally refers to a judicial officer who is empowered to preside over preliminary hearings in which the accused can either be discharged or bound over for trial and to accept bail and release the accused upon such acceptance. *See, Jefferson v. Sweat,* 76 So.2d 494, 499 (Fla. 1954); *State v. Rogers,* 31 N.M. 485, 497, 247 P. 828, 833 (1926); *State v. Ritz,* 47 S.D. 73, 76, 196 N.W. 294, 295 (1923); Black's Law Dictionary 342 (4th ed. 1968). In addition, the North Dakota Century Code is devoid of any statutory provisions granting a "committing magistrate" the authority to adjudicate class B misdemeanors. Therefore, because the functions of a "committing magistrate" are generally thought to be of a limited nature and there is no statutory authorization for a "committing magistrate" to hear, try, and determine class B misdemeanors, we conclude that magistrate and referee Cynthia A. Rothe did not have jurisdiction to preside over and adjudge Sadowski guilty of prostitution, a class B misdemeanor.[4] As a consequence, the subsequent judgment of conviction is null and void.

---

4. Another issue raised by this case is whether or not Rothe's actions may be validated through application of the de facto doctrine. On November 10, 1981, the Board of County Commissioners of Cass County created the office of small claims court referee magistrate. The Board did not create the office of a second county judge. In determining whether or not the de facto doctrine was applicable to this factual situation, we were guided by the following principle which was enunciated by the United States Supreme Court in *Norton v. Shelby County,* 118 U.S. 425, 449, 6 S.Ct. 1121, 1129, 30 L.Ed. 178, 188 (1886):

> "[F]or the existence of a *de facto* officer, there must be an office *de jure* ... Where no office legally exists, the pretended officer is merely a usurper ...."

*See also, State v. Mayhew,* 207 N.W.2d 330, 332 (N.D.1973); *Youmans v. Hanna,* 35 N.D. 479, 517, 161 N.W. 797, 799 (1917); *State v. Ely,* 16 N.D. 569, 579, 113 N.W. 711, 716 (1907); *Farrington v. New England Investment Co.,* 1 N.D. 102, 113, 45 N.W. 191, 195 (1890). In the case at bar, Rothe was exercising authority coextensive with the office of County Judge of Cass County. Nevertheless, because the Board of County Commissioners did not create a second judgeship in Cass County, Rothe cannot be considered a de facto county judge. Accordingly, Rothe's trial of a class B misdemeanor has no validity whatsoever.

Sadowski's final contention on appeal is that the double jeopardy clause of the Fifth Amendment bars a subsequent prosecution for this offense. The principles relevant to a determination of Sadowski's double jeopardy claim are clearly enunciated by the United States Supreme Court in *Grafton v. United States*, 206 U.S. 333, 345, 27 S.Ct. 749, 751, 51 L.Ed. 1084 (1907):

"We assume as indisputable, on principle and authority, that before a person can be said to have been put in jeopardy of life or limb the court in which he was acquitted or convicted must have had jurisdiction to try him for the offense charged."

Hence, a claim of former jeopardy must be premised upon a prior court proceeding in a court having jurisdiction to try the offense in question. *Grafton v. United States, supra; Serfass v. United States*, 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975); *State v. Ramsey*, 143 Ga.App. 191, 237 S.E.2d 666 (1977); *State v. Covington*, 267 N.C. 292, 148 S.E.2d 138 (1966).

In accordance with the foregoing authorities, we conclude that Sadowski's prior conviction by a court lacking competent jurisdiction to hear, try and determine a class B misdemeanor will not substantiate her assertion of double jeopardy. We therefore reverse without prejudice for trial before a duly constituted county judge from outside Cass County as may be appointed by the Presiding Judge of the East Central Judicial District, or if that is impossible, by a judge appointed by this court upon appropriate petition to this court.

VANDE WALLE, PEDERSON, SAND and PAULSON, JJ., concur.