Elizabeth LEMON, Plaintiff,

v.

I. Joel PASTERNAK, District Associate Judge in and for Polk County, Defendant.

No. 69074.

Supreme Court of Iowa.

Nov. 23, 1983.

Robert W. Powers, Des Moines, for plaintiff.

Thomas J. Miller, Atty. Gen., and Lona Hansen, Asst. Atty. Gen., for defendant.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, McCORMICK, and McGIVERIN, JJ.

McGIVERIN, Justice.

In a small claims case, must an appellant file an appeal bond as a prerequisite to perfecting an appeal to a district judge? The trial court ordered plaintiff Elizabeth Lemon to file an appeal bond before her appeal would be perfected. We believe no such bond is required to perfect the appeal and that the court acted without authority. Therefore, we sustain the writ of certiorari challenging the order.

The genesis of this certiorari case was a small claims action by Duane Koethe against Elizabeth Lemon. After trial, defendant in certiorari, District Associate Judge I. Joel Pasternak, entered judgment in favor of Koethe against Lemon for $398.50.

On August 5, 1982, Lemon filed a timely written notice of appeal from the judgment and paid the district court docket fee.

On August 13, the defendant judge on his own motion entered an order requiring Lemon to file an appeal bond in an amount equal to the judgment plus the accrued costs and interest "before this appeal will be perfected."

Thereafter, Lemon filed an application for order nunc pro tunc asking the court, in substance, to consider the appeal perfected

and to direct the clerk to take all steps to transfer the case to a district judge for appellate review under Iowa Code section 631.13 (1981). Defendant judge refused to grant the application.

Lemon, plaintiff in certiorari, then timely filed, and we granted, her petition for writ of certiorari challenging the defendant judge's order of August 13, 1982, requiring the filing of an appeal bond before the small claims appeal would be perfected.

"Certiorari, unless specifically authorized by statute, lies only when the inferior court or tribunal, exercising judicial functions, is alleged to have exceeded its proper jurisdiction or otherwise acted illegally." *City of Webster City v. Draheim*, 292 N.W.2d 406, 407 (Iowa 1980). *See also* Iowa R.Civ.P. 306.

Lemon contends the defendant acted illegally, particularly in regard to Iowa Code subsections 631.13(1)–(2), in entering an order preventing the perfection of her appeal to a district judge after she timely filed a written notice of appeal and paid the docket fee. She requests that the August 13 order be annulled, that her appeal be deemed perfected, and that the appeal be processed for review by a district judge pursuant to section 631.13.

Defendant asserts that a judge handling small claims has the inherent power to require the posting of an appeal bond when the judge feels that such a bond is necessary to protect the opposing party. We conclude the court acted illegally in entering the order involved here.

Iowa Code section 631.13 governs appeals in small claims cases. It provides in part:

    1. *Notice.* An appeal from a judgment in small claims may be taken by any party by giving oral notice to the court at the conclusion of the hearing, or by filing a written notice of appeal with the clerk within ten days after judgment is rendered. In either case, the appealing party shall pay to the clerk within that ten days the usual district court docket fee to perfect the appeal. No appeal shall be taken after ten days.

    2. *Stay of judgment.* Execution of judgment shall be stayed upon the filing with the clerk of the district court an appeal bond with surety approved by the clerk, in the sum specified in the judgment.

Subsection 1 contains the procedural requirements for perfecting an appeal from a small claims judgment. We note there is no provision requiring the posting of an appeal bond prior to perfection of such an appeal. The posting of an appeal bond, however, is a prerequisite to the staying of an execution of judgment as provided for in subsection 2, but this provision is separate and distinct from the appeal perfection procedure.

■■■ It is clear from the record that the plaintiff has satisfied all of the statutory requirements of section 631.13(1) for perfecting her appeal; it is undisputed that she timely filed a written notice of appeal and paid the usual district court docket fee. Satisfaction of these requirements is alone sufficient to perfect an appeal from a judgment in a small claims case.

■■■ We reject defendant's argument that he possessed inherent authority to order Lemon to post an appeal bond as a prerequisite to perfection of her appeal. Defendant cites *Iowa Civil Liberties Union v. Critelli*, 244 N.W.2d 564, 569 (Iowa 1976), for the proposition that "Iowa judges have inherent power to adopt rules of practice within their courts unless superseded by statute." *Cf.* Iowa R.Civ.P. 372 (district court may make rules covering its practice and administration not inconsistent with the Iowa Rules of Civil Procedure). On this point we agree with defendant. However, we also agree with defendant's concession that "[t]he appeal in [this] case is governed by Iowa Code § 631.13(1)." This statute provides the procedural rules for appeal from a small claims judgment. Thus, defendant's alleged inherent common law power to adopt rules of practice for perfecting an appeal has been superseded by Iowa Code section 631.13(1).

We hold that the defendant judge, although exercising a judicial function, acted illegally in his August 13, 1982, order requiring the posting of an appeal bond before the appeal from the small claims case judgment could be perfected. That order is annulled, and the small claims case appeal shall be promptly processed for appellate review by a district judge pursuant to section 631.13.

WRIT SUSTAINED.