STATE of South Dakota, Plaintiff
and Appellee,

v.

Edgar Otto FRANZ, Defendant
and Appellant.

No. 18538.

Supreme Court of South Dakota.

Considered on Briefs Sept. 15, 1994.

Decided Jan. 18, 1995.

Mark Barnett, Atty. Gen. and Jeffrey P. Hallem, Asst. Atty. Gen., Pierre, for plaintiff and appellee.

Mark DeBoer, Pennington County Public Defender's Office, Rapid City, for defendant and appellant.

PER CURIAM.

Edgar O. Franz (Franz) appeals his sentence for grand theft by receiving stolen property. We affirm.

### FACTS

Franz's conviction arises out of the theft of an automobile in Rapid City, South Dakota in mid-June, 1993. On September 15, 1993, state filed an amended information charging Franz with one count of grand theft, an alternative count of receiving stolen property [1] and one count of hit and run with property damage.[2] Along with the information, state filed a Part II habitual offender information alleging that Franz was previously convicted of grand theft in Meade County, South Dakota in 1992.

Prior to trial, Franz filed a motion to dismiss the second count of the amended information charging receiving stolen property. Franz asserted the offense was erroneously charged as a felony when no evidence was presented during his preliminary hearing to establish that he was a dealer in stolen property. Franz contended proof that the defendant is a dealer in stolen property is an essential element of a felony charge for receiving stolen property.[3] The trial court de-

---

1. The crime of receiving stolen property is defined by SDCL 22–30A–7:

   Any person who receives, retains or disposes of property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained or disposed of with the intent to restore it to the owner, is guilty of theft.

2. Franz was operating the stolen automobile and was attempting to elude apprehension when the hit and run occurred, causing property damage.

3. The term "dealer in stolen property," is defined by SDCL 22–1–2(11) as:

   [A] person who:

nied Franz's motion to dismiss at a pretrial motions hearing.

Franz's jury trial took place on September 14, 1993. During settlement of the jury instructions, Franz submitted a proposed instruction that, in order to convict him of a felony for receiving stolen property, the jury had to find that he was a dealer in stolen property. The trial court rejected the proposed instruction as an inaccurate statement of the law.

The jury ultimately returned a verdict finding Franz guilty of receiving stolen property and hit and run with property damage. Before a trial to the court on the habitual offender information, Franz moved that his conviction for receiving stolen property be treated as a misdemeanor rather than a felony because no evidence was presented during trial to establish he was a dealer in stolen property. The trial court denied the motion, proceeded to take evidence on the habitual offender information and ultimately convicted Franz as an habitual felony offender. On October 5, 1993, Franz was sentenced to ten years in the state penitentiary and this appeal followed.

## ISSUE

IS PROOF THAT THE DEFENDANT IS A DEALER IN STOLEN PROPERTY AN ESSENTIAL ELEMENT OF GRAND THEFT BY RECEIVING STOLEN PROPERTY?

■ There is no dispute over the fact that there is no record evidence to establish that Franz was a dealer in stolen property. Asserting this is an essential element to sentence him for felony, grand theft by receiving stolen property, Franz contends he could only be sentenced for misdemeanor, petty theft by receiving stolen property. We disagree.

In support of his contentions, Franz relies on the language of SDCL 22–30A–17(4) emphasized below:

(a) Is found in possession or control of property stolen from two or more persons on separate occasions; or
(b) Has received stolen property in another transaction within the year preceding the commencement of the prosecution; or

Theft is grand theft, if:

\*     \*     \*     \*     \*     \*

(4) In the case of theft by receiving stolen property, *the receiver is a dealer in stolen property, the value of the property stolen exceeds five hundred dollars in value.*

Theft in all other cases is petty theft. Grand theft is a Class 4 felony. Petty theft is divided into two degrees. Petty theft of one hundred dollars or more is in the first degree and is a Class 1 misdemeanor. Petty theft of less than one hundred dollars is in the second degree and is a Class 2 misdemeanor. (emphasis added).

The grammatical error in the emphasized language is obvious. There is no conjunction between the words "stolen property," and "the value". Thus, the plain language of the statute is ambiguous as to whether a defendant is guilty of grand theft by receiving stolen property if the value of the property stolen exceeds five hundred dollars or whether the defendant must also be a dealer in stolen property.

■ Ordinarily, "[w]hen the language of a statute is clear, certain and unambiguous, there is no reason for construction, and the Court's only function is to declare the meaning of the statute as clearly expressed." *U.S. West Com. v. Public Utilities Com'n,* 505 N.W.2d 115, 123 (S.D.1993). However, the existence of ambiguity in a statute mandates a judicial inquiry into the construction and interpretation of the statute. *State v. Chaney,* 261 N.W.2d 674 (S.D.1978). "Interpretation of [a] statute is a question of law and this court accords no deference to the trial court's interpretation." *State v. Ventling,* 452 N.W.2d 123, 125 (S.D.1990).

"In construing a statute, our purpose is to discover the true intention of the law and that intention must be ascertained primarily from the language expressed in the statute." *Id.* However, "[w]hen called upon to con-

(c) Trades in property similar to the type of stolen property received and acquires such property for a consideration which he knows is substantially below its reasonable value[.]

strue statutes, this court may look to the legislative history, title, and the total content of the legislation to ascertain the meaning." *LaBore v. Muth,* 473 N.W.2d 485, 488 (S.D. 1991).

Resort to the legislative history of SDCL 22–30A–17 quickly reveals the cause of the error and ambiguity in its current text. The statute was last amended in 1990. Prior to that amendment, the pertinent provisions of the statute read as follows:

Theft is grand theft, if:

(1) The value of the property stolen exceeds two hundred dollars;

(2) The property stolen is livestock or a firearm;

(3) Property of any value is taken from the person of another; or

(4) In the case of theft by receiving stolen property, the receiver is a dealer in stolen property, the value of the property stolen exceeds two hundred dollars in value, *or* the property stolen is livestock or a firearm.

SDCL 22–30A–17 (1988 Rev.) (emphasis added). Under this version of the statute, a person clearly committed grand theft by receiving stolen property if he was a dealer in stolen property, the value of the property stolen exceeded two hundred dollars *or* the property stolen was livestock or a firearm.

In 1990, the pertinent provisions of SDCL 22–30A–17 were amended as follows:[4]

Theft is grand theft, if:

(1) The value of the property stolen exceeds ~~two hundred~~ *five hundred* dollars;

(2) ~~The property stolen is livestock or a firearm;~~

(3) Property of any value is taken from the person of another; or

(4) In the case of theft by receiving stolen property, the receiver is a dealer in stolen property, the value of the property stolen exceeds ~~two hundred~~ *five hundred* dollars in value~~, or the property stolen is livestock or a firearm.~~

---

**4.** Language deleted from the statute is indicated by overstrikes while new language is indicated by underscores.

---

1990 S.D.Sess.L. ch. 165, § 2. What was intended by the legislature with these amendments is obvious: first, it intended to raise the dollar limit for grand theft from two hundred to five hundred dollars; second, it intended to delete the provisions that automatically made the theft of any livestock, regardless of value, grand theft; and, third, it intended to delete the provisions that automatically made the theft of any firearm, regardless of value, grand theft. There is nothing, however, that indicates the legislature intended that a person must be a dealer in stolen property to be convicted of grand theft by receiving stolen property.

In making the various amendments necessary to accomplish its intentions, the legislature inadvertently amended out the essential conjunction in SDCL 22–30A–17(4), the word "or." Because of this error, SDCL 22–30A–17(4) made a person guilty of grand theft by receiving stolen property if the person, "is a dealer in stolen property, the value of the property stolen exceeds five hundred dollars in value." This definition makes no sense and leads to the ambiguity we have previously identified.

In resolving an ambiguity, "it is the general rule that courts may not strike out and insert other words or numerals in a statute. The rule, however, is not without well defined exceptions." *Elfring v. Paterson,* 66 S.D. 458, 461, 285 N.W. 443, 445 (1939). As the Supreme Court of Iowa has expressed:

Ordinarily, we may not, under the guise of judicial construction, add modifying words to the statute or change its terms. As an exception to this rule, we have made changes in legislative enactments to correct inadvertent clerical errors or omissions which frustrate obvious legislative intent. Judicial alteration has also been allowed to avoid absurd, meaningless, irrational or unreasonable results. We exercise extreme caution and are reluctant to adopt such changes.

*Schultze v. Landmark Hotel Corp.,* 463 N.W.2d 47, 49 (Iowa 1990) (citations omitted). Similar expressions of the law can be found

in a number of other jurisdictions. *See, e.g., Mankato Citizens Tel. Co. v. Commissioner of Taxation,* 275 Minn. 107, 145 N.W.2d 313 (1966); *State v. Daniels,* 190 Neb. 602, 211 N.W.2d 127 (1973); *Schnaible v. City of Bismarck,* 275 N.W.2d 859 (N.D.1979); *State v. Berndt,* 161 Wis.2d 116, 467 N.W.2d 205 (Wis.Ct.App.1991).

While courts are generally loathe to insert omitted language in a legislative enactment, we are not without precedent in this area. *In Matter of T.J.E.,* 426 N.W.2d 23 (S.D. 1988), this court interpreted the word "remains" in the second degree burglary statute to·require an unlawful presence in the structure burglarized. This was despite the fact that the word "unlawful" did not appear in the statute. We reached that conclusion to avoid the clearly absurd and unreasonable conclusion of the circuit court that an eleven year old child committed second degree burglary when she entered a retail store during business hours and ate a candy Easter egg without paying for it.

This court long ago gave detailed guidance on the appropriate role of the courts in the interpretation of legislative enactments:

'It is for the Legislature to choose its subjects, and its own mode of expression. It is for the court to interpret the language employed so as to carry into effect the legislative purpose, so far as it may not be unquestionably at variance with the Constitution. It may be said that the work of interpretation must be confined to the construction of the words of the act. But that manifestly falls short of the true office of the courts. The Legislature has used certain language to express its purpose. It is the purpose, then, that must be sought [ ]. It will be presumed at the beginning of such an inquiry that the language used will probably best show that purpose. But if it undoubtedly does not, then to stop further inquiry is to probably misapply the legislative will, falling short of its purpose, and, maybe, work a positive and unthought-of public evil. The courts, with due regard to the prerogatives of a coordinate branch of government, approach this duty with caution, and with a proper appreciation of the distribution of the powers of the government. But statutes of doubtful meaning must be interpreted, or be subject to final interpretation, in event of controversy as to their true meaning, by the courts established by the organic law for that purpose. The evil to be corrected, the language of the act, including its title, the *history of its enactment,* and the state of the law already in existence bearing on the subject, are all properly considered by the courts in arriving at the legislative intention, because the Legislature must have resorted to the same means to arrive at its purpose. As, in construing a contract, its context is considered from the standpoint and surroundings of the parties when they made it, so, in construing an ambiguous act of the Legislature, the court will, so far as possible, consider the matters in hand as if situated with respect thereto as that body was. This may result sometimes in the words used in a statute being transposed, or in some of them being omitted or ignored, or in an interpolation of others where necessary to effect the manifest legislative purpose.'

*Elfring,* 66 S.D. at 462, 285 N.W. at 445 (quoting *Commonwealth v. Barney,* 115 Ky. 475, 74 S.W. 181, 184 (1903)).

Because of the ambiguity inadvertently created by the 1990 amendments to SDCL 22–30A–17, and based upon the legislative history of the statute, we deem it appropriate, in this instance, to clarify that ambiguity by interposing the word "or" between the words "stolen property," and "the value" in SDCL 22–30A–17(4). Under this interpretation, a person commits grand theft by receiving stolen property just as he always has under the act, i.e., if he is a, "a dealer in stolen property, *or* the value of the property stolen exceeds five hundred dollars in value."

There is no dispute by Franz concerning the sufficiency of the evidence to establish that the value of the stolen property he received exceeded five hundred dollars. Accordingly, under the appropriate construction of SDCL 22–30A–17, the trial court correctly sentenced him for the felony offense of grand theft by receiving stolen property.

Affirmed.

MILLER, C.J., and WUEST, SABERS, AMUNDSON and KONENKAMP, JJ., participating.